IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   No. 01-cr-40070-003 JPG |
| | ) |
| AARON C. HUGHES, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Aaron C. Hughes' motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 126). The Court appointed counsel for Hughes, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 129). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 131).

Hughes pled guilty to conspiring to distribute 5 grams or more of crack cocaine. At sentencing, the Court found by a preponderance of the evidence that Hughes' relevant conduct was at least 50 grams but less than 150 grams of crack cocaine, which under U.S.S.G[1] § 2D1.1 yielded a base offense level of 32. His offense level was reduced by 3 points to 29 under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering Hughes' criminal history category of III, this yielded a sentencing range of 108 to 135 months in prison. However, because Hughes' relevant conduct was more than 50 grams, his statutory minimum sentence was 10 years. *See* 21 U.S.C. § 841(b)(1)(A). Consequently, pursuant to U.S.S.G. § 5G1.1(c)(2), his

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2001 United States Sentencing Guidelines Manual.

effective guideline range became 120 to 135 months.  Hughes now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008);  *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied*, 129 S. Ct. 2817 (2009)**.**

Hughes cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine.  The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine.  The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under U.S.S.G. §

5G1.1(c)(2) based on a statutory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts. *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."). Because Hughes was sentenced based on his statutory minimum sentence in accordance with U.S.S.G. § 5G1.1(c)(2), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, the low end of his guideline range would have been 120 months. Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Hughes cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 129) and **DISMISSES** Hughes' motion for a sentence reduction (Doc. 126) for **lack of jurisdiction**.

The Clerk is **DIRECTED** to mail a copy of this order to defendant Aaron C. Hughes, Reg. No. 05357-025, CCM Sacramento, 501 I Street, Suite 9-400, Sacramento, CA 95814.

**IT IS SO ORDERED.**
**Dated this 12th day of February, 2010.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
